> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2018[*]
Decided November 6, 2018

*Before*

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 17-3174

| | |
|---|---|
| GBOLAHAN R. A. EYIOWUAWI, <br>     *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12-cv-6492 |
| COOK COUNTY, ILLINOIS, <br>     *Defendant-Appellee.* | Robert M. Dow, Jr., <br> *Judge.* |

**O R D E R**

Gbolahan Eyiowuawi was fired from his job as a dispatcher for Cook County's hospital system after the county concluded that he had violated its sexual-harassment policy by inappropriately touching a coworker. Eyiowuawi contends in this employment-discrimination suit that the county fired him in retaliation because he filed a discrimination charge more than a year earlier. The district court entered summary

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

judgment for the county. Because no evidence suggests that the earlier charge prompted the later firing, we affirm the judgment.

This suit stems from an incident in June 2005, when a female coworker accused Eyiowuawi of sexual harassment after he allegedly grabbed her and insisted on unwanted romance. He denied the accusation at a disciplinary hearing, but the county's hearing officer found the charge meritorious. The county fired him soon after for violating its policy prohibiting workplace sexual harassment.

After pursuing administrative remedies, Eyiowuawi sued Cook County for national-origin discrimination, sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1), 3(a), and 42 U.S.C. § 1981. The district court dismissed his discrimination claims after determining that the scope of the administrative charge—and thus, the scope of this suit—is limited to retaliation. See *Delgado v. Merit Sys. Prot. Bd.*, 880 F.3d 913, 925–26 (7th Cir. 2018); *Reynolds v. Tangherlini*, 737 F.3d 1093, 1099–100 (7th Cir. 2013). Eyiowuawi does not contest this ruling. And because § 1981 does not create a private right of action against state actors such as Cook County, the retaliation claim is cognizable under Title VII only. See *Campbell v. Forest Pres. Dist. of Cook Cty., Ill.*, 752 F.3d 665, 671 (7th Cir. 2014). The district court concluded that no reasonable trier of fact could find that Eyiowuawi's 2005 firing was connected to the 2004 charge of discrimination, and it entered summary judgment in the county's favor. Eyiowuawi sought permission to supplement the record for appeal with several new documents, but the district court denied his requests because he failed to provide "any explanation indicating that these documents were introduced but omitted from the docket through mistake or inadvertence."

Before we reach this appeal's merits, we briefly address two threshold matters. First, we consider whether Eyiowuawi's bankruptcy proceeding, which was reopened in 2016, prevents him from pursuing his retaliation claim on appeal. We conclude that it does not. Before Eyiowuawi filed his notice of appeal, the bankruptcy trustee reported that the retaliation claim was valueless, abandoned it, and treated the estate as fully administered. With the claim abandoned, Eyiowuawi is free to pursue it on this appeal. See *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 617 (7th Cir. 2002). Second, Eyiowuawi argues that "recently acquired evidence" (which he includes in his appellate appendix) proves that the county fired him for impermissible reasons. But he did not timely present this evidence to the district court, and so we will not consider these submissions. See FED. R. APP. P. 10(a); *Carmody v. Bd. of Trustees of Univ. of Ill.*, 893 F.3d 397, 402 (7th Cir. 2018).

Eyiowuawi's appellate brief is difficult to parse and only minimally developed, see FED. R. APP. P. 28(a)(8), but we can discern its principal argument: Eyiowuawi contends that he has "already present[ed] evidence" that he was fired for impermissible reasons, "and a genuine issue of material fact therefore exists concerning the basis for [the county's] disciplinary actions." But he is incorrect. To survive summary judgment on his retaliation claim, Eyiowuawi must point to evidence suggesting that his administrative charge in 2004 caused his firing more than a year later. See *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013); *Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 563 (7th Cir. 2016). Eyiowuawi argues that the time between his filing the charge and his termination raises an inference of retaliation. But a fourteen-month gap is hardly suspicious. See, *e.g., Cung Hnin v. TOA (USA), LLC*, 751 F.3d 499, 508 (7th Cir. 2014) (ruling that 12 months between a protected activity and termination is "certainly not close enough in time to establish causation without more evidence supporting an inference of a causal link"); *Porter v. City of Chicago*, 700 F.3d 944, 958 (7th Cir. 2012) (collecting cases). And he identifies no other evidence in the record to establish a causal link, an omission that defeats his claim.

Another reason mandates the entry of summary judgment in favor of the county. The county offered a lawful reason for firing Eyiowuawi—its conclusion that he violated the workplace sexual-harassment policy. Eyiowuawi has not presented any evidence that this reason was pretextual—that is, that the county did not honestly believe it to be true. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 724 (7th Cir. 2018). Eyiowuawi has denied the sexual-harassment accusation against him, but he does not identify any evidence, as he must, that would lead a reasonable juror to question the sincerity of the county's belief that he sexually harassed a co-worker. See *id.* The record thus required the entry of summary judgment in Cook County's favor.

AFFIRMED